1

2          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF CALIFORNIA
3

4

5

6

7    GUILLERMO TRUJILLO,                    Case No. 1:14 cv 01215 GSA PC

8              Plaintiff,

9    vs.                                    ORDER DISMISSING COMPLAINT AND
                                            GRANTING PLAINTIFF LEAVE TO FILE
10   C/O MUNOZ,                             AN AMENDED COMPLAINT

11             Defendant

12                                          AMENDED COMPLAINT DUE
                                            IN THIRTY DAYS
13

14   I.    **Screening Requirement**

15         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

16    action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction

17   pursuant to 28 U.S.C. § 636(c)[1].

18         The Court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25

26   _____

27

28   [1] Plaintiff filed a consent to proceed before a magistrate judge on August 22, 2014 (ECF No. 5).

                                            1

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against defendant  Correctional Officer Muniz, an employee of the CDCR at Corcoran State Prison.

Plaintiff's statement of claim is conclusory.  Plaintiff alleges that on November 1, 2013, he was the victim of assault by C/O Munoz.    Plaintiff alleges that he was assaulted in retaliation for reporting employee misconduct.    Plaintiff alleges no other facts.

### A.    Excessive Force

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement."  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  '[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'"  Id. (Quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

Punishment Clause depends on the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).

For excessive force claims, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.   Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident."  Id. at 9-10.  The Court finds Plaintiff's claim that he was assaulted to be conclusory.  Plaintiff must allege specific conduct on behalf of Defendant Munoz that indicates that he subjected Plaintiff to excessive force.

## B.   Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim.  Rizzo v. Dawson, 778 F.2d 5527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth a generalized allegation that he was subjected to excessive force and retaliated against.  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that

3

causes the deprivation of which complaint is made.'"  <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  <u>Id</u>. (quoting <u>Johnson</u> at 743-44).  Plaintiff has not specifically charged Defendant with conduct indicating that he subjected Plaintiff to excessive force or retaliation.  Plaintiff must allege facts indicating that  Defendant subjected Plaintiff to excessive force and retaliation as those terms are defined above.  Plaintiff has failed to do so here.  The complaint should therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold a defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff has failed to do so here.

### III.   <u>Conclusion and Order</u>

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the  opportunity to file an amended complaint curing the deficiencies identified by the Court in this  order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended  complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   **January 13, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

5