UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CRUZ TRUJILLO,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>C/O MUNOZ,<br><br>　　　　　　Defendant. | 1:14-cv-01215-GSA-PC<br><br>ORDER DENYING MOTION FOR THE PRESENTATION OF EXHIBITS<br>(Doc. 12.) |

## I.　BACKGROUND

　　Guillermo Cruz Trujillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 4, 2014.  (Doc. 1.)  On August 22, 2014, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Doc. 5.)  On January 14, 2015, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 10.)  On January 28, 2015, Plaintiff filed the First Amended Complaint, which awaits the court's requisite screening.  (Doc. 11.)

　　On February 26, 2015, Plaintiff filed a motion titled "Motion For the Presentation of Exhibits." (Doc. 12.)

## II. LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to submit evidence of exhaustion of remedies, in support of the First Amended Complaint. Plaintiff may not add supporting exhibits in this manner. Under Rule 220, Plaintiff may not amend the First Amended Complaint by adding exhibits after the First Amended Complaint has been filed. To add information or make a correction to the First Amended Complaint, Plaintiff must file Second Amended Complaint which is complete in itself.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

Plaintiff is advised that he is not required, at this stage of the proceedings, to provide evidence that he exhausted his administrative remedies. While Plaintiff *is* required to exhaust his available administrative remedies before filing suit, <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002), the provision of the Prison Litigation Reform Act requiring exhaustion does not impose a pleading requirement, but rather creates a defense, and Defendant has the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997(e)(a); <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007). In the First Amended Complaint, Plaintiff provides evidence that he filed a prison grievance against defendant Munoz. (Doc. 11.) This is sufficient at this stage of the proceedings. If this action reaches a juncture at which the submission of evidence to prove exhaustion is appropriate and necessary (e.g., motion to

dismiss, summary judgment, or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Should Plaintiff wish to file a Second Amended Complaint, he should file a "Motion For Leave to Amend" and submit a proposed Second Amended Complaint, including all of the allegations, claims, and exhibits he seeks to include.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's "Motion For the Presentation of Exhibits," filed on February 26, 2015, is DENIED.

IT IS SO ORDERED.

Dated: **March 2, 2015**                    **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE