# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No. 1:14-cv-01215-SAB-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| C/O MUNOZ, et al., | |
| Defendants. | (ECF NO. 11) |
| | THIRTY-DAY DEADLINE TO FILE A SECOND AMENDED COMPLAINT |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's first amended complaint, filed January 28, 2015, filed in response to the January 14, 2015, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. (ECF No. 10.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Plaintiff consented to magistrate judge jurisdiction on August 22, 2014. (ECF No. 5.)

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendants Correctional Officer (C/O) Munoz and Lieutenant Alvarez, employees of the CDCR at the Substance Abuse Treatment Facility at Corcoran (SATF), where the events at issue occurred. In the order screening the original complaint, the Court noted that Plaintiff's statement of claim was conclusory. Plaintiff alleged that on November 1, 2013, he was the victim of assault by C/O Munoz. Plaintiff alleged that he was assaulted in retaliation for reporting employee misconduct. Plaintiff alleged no other facts.

In the first amended complaint, Plaintiff alleges that on September 9, 2013, he filed a grievance regarding Defendant Munoz, "for making criminal terrorist threats." (Am. Compl. ¶ 10.) Later that week, Plaintiff was called to the Program Office for an interview regarding his grievance. Plaintiff alleges that when he got to the Program Office, Lt. Alvarez disrespected him and called him a punk. Plaintiff was secured in a holding cage and subjected to an unclothed body search. Lt. Alvarez reached around the outside of the holding cage and discovered contraband drugs (heroin). Plaintiff alleges that Alvarez did not conduct a 602 hearing because

1  of the discovery of the heroin.

2  On November 1, 2013, Defendant Munoz "unlawfully subjected Plaintiff Mr. Trujillo to be targeted as retaliation and vendetta because Plaintiff, Mr. Trujillo, have filed a CDCR 602 grievance on Sept. 9, 2013." (Am. Compl. ¶ 16.)  Plaintiff alleges that he "was assaulted as a result of Defendant C/O Mr. Munoz orders due to the fact that Defendant knew of or should have known that when inmates file CDCR 602 grievance he can easily be targeted to be assaulted." (Am. Compl. ¶ 19.)   Plaintiff alleges that, prior to filing his September 9, 2013, grievance, he wrote to the Warden and to correctional officials in Sacramento regarding "criminal threats" and "constant harassment" by Defendant Munoz. (Am. Compl. ¶17.)   Plaintiff alleges that Defendant Munoz verbally threatened Plaintiff and ordered Plaintiff to be targeted.

## III.

## DISCUSSION

### A.   Eighth Amendment

In the order dismissing the original complaint, Plaintiff was advised of the following.  The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners not only from inhuman methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[W[hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain," Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends on the claim at issue . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).

For excessive force claims, the issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident." Id. at 9-10.  Plaintiff was specifically advised that, in order to state a claim for excessive force against Defendant Munoz, he must allege facts indicating that Defendant Munoz subjected him to excessive force.  A conclusory allegation is insufficient

to state a claim for relief under the Eighth Amendment.  Plaintiff must allege facts indicating that Defendant Munoz subjected Plaintiff to physical force,

Plaintiff alleges that Defendant Munoz subjected him to "criminal threats" and "constant harassment," as well as threatening to have Plaintiff "targeted."  Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983.  See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

The Ninth Circuit has dismissed claims alleging prison guards were deliberately indifferent to a prisoner's safety in violation of the Eighth Amendment because the prisoner "did not allege that he had been assaulted or threatened by assault by other prisoners." Williams v. Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).  The Ninth Circuit has also rejected an Eighth Amendment claim where guards labeled an inmate a "snitch" but the inmate had not been retaliated against.  Morgan v. McDonald, 41 F.3d 1291, 1294 (9th Cir. 1994).  In these cases the Ninth Circuit reasoned that "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams, 223 Fed.Appx. at 671.  These cases do not stand for the proposition that injury is a necessary element of a failure to protect claim.  Rather, in these cases, the plaintiffs failed to allege how a certain label resulted in a serious risk of harm and how that harm was known to the prison guard.  Here, Plaintiff is relying on speculative and generalized fears of harm.  While Plaintiff may have felt genuinely threatened, he has not alleged facts indicating that Defendant Munoz subjected him to a specific harm.  Plaintiff has failed to state a claim for a violation of the Eighth Amendment.

**B.    Retaliation**

In the order dismissing the original complaint, Plaintiff was advised that allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807

4

1  (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails
2  five basic elements: (1) an assertion that a state actor took some adverse action against an
3  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
4  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
5  legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord
6  Watison v. Cartier, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262,
7  1269 (9th Cir. 2009).

8  The Court found the allegations in the original complaint to be vague. Plaintiff set forth a
9  generalized allegation that he was subjected to excessive force and retaliated against. Plaintiff
10 was specifically advised that in order to state a claim under section 1983, he must link each
11 defendant with conduct that deprived Plaintiff of a protected interest. Long v. County of Los
12 Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional
13 right, where that person "does an affirmative act, participates in another's affirmative acts, or
14 omits to perform an act which [that person] is legally required to do that causes the deprivation
15 of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)(quoting
16 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he requisite causal connection can be
17 established not only by some kind of direct, personal participation in the deprivation, but also by
18 setting in motion a series of acts by others which the actor knows or reasonably should know
19 would cause others to inflict the constitutional injury." Id. at 743-44. Plaintiff did not allege any
20 facts in the original complaint  indicating that Defendant Munoz (the sole Defendant in the
21 original complaint) engaged in any specific acts which constituted retaliation as that term was
22 defined.

23 Here, Plaintiff alleges that Defendant Munoz "targeted" Plaintiff in retaliation for filing
24 an inmate grievance. That Plaintiff may believe that conduct engaged in by correctional officials
25 was motivated by Plaintiff's filing of an inmate grievance does not subject those officials to
26 liability for retaliation in violation of the First Amendment. A bare assertion that a prison
27 official's conduct is retaliatory does not state a claim for relief. Plaintiff must allege facts
28 indicating that the named individual took adverse action against Plaintiff in retaliation for

1 engaging in First Amendment activity. The conduct must chill the exercise of Plaintiff's First
2 Amendment rights. As with Plaintiff's Eighth Amendment claim, the allegation that Plaintiff
3 was "targeted" does not state a claim. Plaintiff must allege specific conduct that was taken in
4 retaliation, and must allege facts indicating that the conduct was motivated by Plaintiff's First
5 Amendment activity. In the order dismissing the original complaint, Plaintiff was directed to
6 explain, in his own words, what happened. Plaintiff was directed to explain specifically what
7 each Defendant, by name, did to violate the particular right described by Plaintiff. Because
8 Plaintiff has failed to correct the deficiencies identified in the January 14, 2015, order, the Court
9 dismissed the original complaint and granted Plaintiff leave to amend. Here, the Court finds that
10 because Plaintiff has failed to correct the identified deficiencies in his January 28, 2014, first
11 amended complaint, it should be dismissed as well. Plaintiff will, however, be granted one final
12 opportunity to file a second amended complaint that corrects the deficiencies.

13 Plaintiff is again advised that in order to state a claim, he must simply, and in his own
14 word, describe what each Defendant did to violate his rights. Plaintiff must allege facts
15 indicating that Defendants subjected him to a specific harm, and allege facts indicating that
16 Defendant's conduct was motivated by Plaintiff's First Amendment activity. Plaintiff's
17 conclusory allegations that Defendants' conduct subjected him to excessive force and retaliation
18 are unsupported by factual allegations. The January 28, 2014, first amended complaint does not
19 state a claim for relief.

## IV.

## CONCLUSION AND ORDER

22 For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon
23 which relief may be granted. Plaintiff is granted one final opportunity to file a second amended
24 complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
25 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended
26 complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

27 Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state
28 what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal

6

rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed January 28, 2015, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: __December 11, 2015__

UNITED STATES MAGISTRATE JUDGE

7