# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>     Plaintiff,<br><br>     v.<br><br>C/O MUNOZ, et al.,<br><br>     Defendants. | Case No.  1:14-cv-01215-SAB-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Currently before the Court is Plaintiff's second amended complaint, filed January 12, 2016,  in response to the December 11, 2015, order dismissing the first amended complaint and granting Plaintiff leave to file a second amended complaint. (ECF No. 19.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff consented to magistrate judge jurisdiction on August 22, 2014.  (ECF No. 5.)

1

1 that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendants Correctional Officer (C/O) Munoz and Lieutenant Alvarez, employees of the CDCR at the Substance Abuse Treatment Facility at Corcoran (SATF), where the events at issue occurred.

Plaintiff alleges that on September 9, 2013, he filed a grievance regarding Defendant Munoz, for making verbal threats against Plaintiff.  Later that week, Plaintiff was called to the Program Office for an interview regarding his grievance.  Plaintiff alleged that when he got to the Program Office, Lt. Alvarez disrespected him.

On November 1, 2013, Defendant Munoz "unlawfully subjected Plaintiff Mr. Trujillo to be targeted as of assault with deadly weapon to wit (knife)."  (ECF No. 20 at 4:19.)   Plaintiff alleges that he was assaulted by another inmate, suffering injury as a result.  Plaintiff alleges that he was assaulted as a result of Defendant Munoz's verbal threats.  Plaintiff further alleges that Lt. Alvarez "knew or should have known that when officers provoke or incite violence an inmate can easily be targeted to be assaulted if their's [sic] some kind of reward given in return." (Id. 5:18-19.)

## III.

**DISCUSSION**

**A.     Eighth Amendment**

In the order dismissing the original complaint and first amended complaint, Plaintiff was advised of the following. The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners not only from inhuman methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W[hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain," Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends on the claim at issue . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).

For excessive force claims, the issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident." Id. at 9-10. Plaintiff was specifically advised that, in order to state a claim for excessive force against Defendant Munoz, he must allege facts indicating that Defendant Munoz subjected him to excessive force. A conclusory allegation is insufficient to state a claim for relief under the Eighth Amendment. Plaintiff must allege facts indicating that Defendant Munoz subjected Plaintiff to physical force,

Plaintiff alleges that Defendant Munoz subjected him to "verbal threats" as well as threatening to have Plaintiff "targeted." Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)(assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute constitutional wrong).

The Ninth Circuit has dismissed claims alleging prison guards were deliberately indifferent to a prisoner's safety in violation of the Eighth Amendment because the prisoner "did not allege that he had been assaulted or threatened by assault by other prisoners." Williams v.

1 Wood, 223 Fed.Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007).  The Ninth Circuit has
2 also rejected an Eighth Amendment claim where guards labeled an inmate a "snitch" but the
3 inmate had not been retaliated against.  Morgan v. McDonald, 41 F.3d 1291, 1294 (9th Cir.
4 1994).  In these cases the Ninth Circuit reasoned that "speculative and generalized fears of harm
5 at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm."
6 Williams, 223 Fed.Appx. at 671.  These cases do not stand for the proposition that injury is a
7 necessary element of a failure to protect claim.  Rather, in these cases, the plaintiffs failed to
8 allege how a certain label resulted in a serious risk of harm and how that harm was known to the
9 prison guard.  Here, Plaintiff is relying on speculative and generalized fears of harm.   While
10 Plaintiff may have felt genuinely threatened, he has not alleged facts indicating that Defendant
11 Munoz subjected him to a specific harm.  Plaintiff has failed to state a claim for a violation of the
12 Eighth Amendment.

**B.     Retaliation**

14         In the order dismissing the original complaint, Plaintiff was advised that allegations of
15 retaliation against a prisoner's First Amendment rights to speech or to petition the government
16 may support a § 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also
17 Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807
18 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails
19 five basic elements:  (1) an assertion that a state actor took some adverse action against an
20 inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the
21 inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
22 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord
23 Watison v. Cartier, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262,
24 1269 (9th Cir. 2009).

25         The Court found the allegations in the original complaint and first amended complaint to
26 be vague.  Plaintiff set forth a generalized allegation that he was subjected to excessive force and
27 retaliated against.  Plaintiff was specifically advised that in order to state a claim under section
28 1983, he must link each defendant with conduct that deprived Plaintiff of a protected interest.

Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

Here, Plaintiff alleges that Defendant Munoz "targeted" Plaintiff in retaliation for filing an inmate grievance. That Plaintiff may believe that conduct engaged in by correctional officials was motivated by Plaintiff's filing of an inmate grievance does not subject those officials to liability for retaliation in violation of the First Amendment. A bare assertion that a prison official's conduct is retaliatory does not state a claim for relief. Plaintiff must allege facts indicating that the named individual took adverse action against Plaintiff in retaliation for engaging in First Amendment activity. The conduct must chill the exercise of Plaintiff's First Amendment rights. As with Plaintiff's Eighth Amendment claim, the allegation that Plaintiff was "targeted" does not state a claim. Plaintiff must allege specific conduct that was taken in retaliation, and must allege facts indicating that the conduct was motivated by Plaintiff's First Amendment activity. In the order dismissing the original complaint and first amended complaint, Plaintiff was directed to explain, in his own words, what happened. Plaintiff was directed to explain specifically what each Defendant, by name, did to violate the particular right described by Plaintiff.

Here, the Court finds that because Plaintiff has failed to correct the identified deficiencies in the orders dismissing the original complaint (ECF No. 19) and first amended complaint (ECF No. 19), the second amended complaint should be dismissed as well. For the reasons stated, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.

///

///

## IV.

## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's second amended complaint is largely identical to the first amended complaint. Based upon the allegations in Plaintiff's original, first amended, and second amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for Eight Amendment or First Amendment violations by Defendants Munoz or Alvarez, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted;
2. This action counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 17, 2016**

UNITED STATES MAGISTRATE JUDGE