# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> C/O MUNOZ, et al., <br><br> Defendants. | Case No.: 1:14-cv-01215-SAB (PC) <br><br> ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS SUIT FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> [ECF Nos. 20, 30, 33] |

## I.

## BACKGROUND

Plaintiff Guillermo Trujillo Cruz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on August 4, 2014, by filing the initial complaint. (ECF No. 1.) January 14, 2015, the previously-assigned Magistrate Judge issued an order finding that Plaintiff had failed to state any cognizable claim, and granting Plaintiff leave to file an amended complaint to cure the described deficiencies. (ECF No. 10.)

Plaintiff filed a first amended complaint on January 28, 2015. (ECF No. 11.) Plaintiff also filed several motions. (ECF Nos. 12, 14, 17.) On August 17, 2015, the matter was reassigned to the undersigned upon the retirement of the previously-assigned Magistrate Judge. (ECF No. 16.)

1

On December 11, 2015, the Court issued an order again finding that Plaintiff had failed to state any cognizable claim, and granting leave to file an amended complaint. (ECF No. 19.) On January 12, 2016, Plaintiff filed a second amended complaint. (ECF No. 20.)

On May 17, 2016, the undersigned screened Plaintiff's second amended complaint, found that he had failed to state any cognizable claim, and dismissed the action for the failure to state a claim upon which relief may be granted. (ECF No. 21.) Judgment was entered the same day. (ECF No. 22.) Plaintiff appealed. (ECF No. 23.)

On February 27, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 30.) Specifically, the Ninth Circuit found that because all the parties, including unserved defendants, had not consented to proceed before a United States Magistrate Judge, the dismissal order was vacated and the case was remanded for further proceedings pursuant to Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017). (Id.) The Ninth Circuit's mandate was issued on August 3, 2018, ordering that the February 27, 2018 judgment takes effect as of that date. (ECF No. 33.)

Now, for the reasons discussed below, the Court recommends that Plaintiff's action be dismissed for the failure to state a cognizable claim for relief.

## II.

## SCREENING REQUIREMENT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The pleadings of pro se litigants are construed liberally and are afforded the benefit of any doubt. Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), and "a liberal interpretation of a

civil rights complaint may not supply essential elements of the claim that were not initially pled," Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Also, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

### III.

### SECOND AMENDED COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Kern Valley State Prison, brings this civil rights action against Defendants Correctional Officer Munoz and Lieutenant Alvarez, employees of the CDCR at the Substance Abuse Treatment Facility at Corcoran (SATF), where the events at issue occurred.

Plaintiff alleges that on September 9, 2013, he filed a grievance regarding Defendant Munoz, for making verbal threats. Later that week, Plaintiff was called to the Program Office for an interview regarding his grievance. Plaintiff alleged that when he got to the Program Office, Lt. Alvarez disrespected him.

On November 1, 2013, Defendant Munoz "unlawfully subjected Plaintiff Mr. Trujillo to be targeted as of assault with deadly weapon to wit (knife)." (ECF No. 20, at 4.) Plaintiff alleges that he was assaulted by another inmate, suffering injury as a result, because of Defendant Munoz's verbal threats. Plaintiff further alleges that Lt. Alvarez "knew or should have known that when officers provoke or incite violence an inmate can easily be targeted to be assaulted if their's [sic] some kind of reward given in return." (Id. at 5.)

///

3

**IV.**

**DISCUSSION**

**A.     Eighth Amendment**

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners not only from inhuman methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W[hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain," Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause depends on the claim at issue . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992).

For excessive force claims, the issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident." Id. at 9-10. Plaintiff was specifically advised that, in order to state a claim for excessive force against Defendant Munoz, he must allege facts indicating that Defendant Munoz subjected him to excessive force. A conclusory allegation is insufficient to state a claim for relief under the Eighth Amendment. Plaintiff must allege facts indicating that Defendant Munoz subjected Plaintiff to physical force,

Plaintiff alleges that Defendant Munoz subjected him to "verbal threats" as well as threatening to have Plaintiff "targeted." Allegations of threats and harassment do not state a cognizable claim under 42 U.S.C. § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong).

The Ninth Circuit has dismissed claims alleging prison guards were deliberately indifferent to a prisoner's safety in violation of the Eighth Amendment because the prisoner "did not allege that he had been assaulted or threatened by assault by other prisoners." Williams v. Wood, 223 Fed. Appx. 670, 671, 2007 WL 654223, *1 (9th Cir. 2007). The Ninth Circuit has also rejected an Eighth Amendment

claim where guards labeled an inmate a "snitch" but the inmate had not been retaliated against. Morgan v. McDonald, 41 F.3d 1291, 1294 (9th Cir. 1994). In these cases the Ninth Circuit reasoned that "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." Williams, 223 Fed. Appx. at 671. These cases do not stand for the proposition that injury is a necessary element of a failure to protect claim. Rather, in these cases, the plaintiffs failed to allege how a certain label resulted in a serious risk of harm and how that harm was known to the prison guard.

Here, Plaintiff is relying on speculative and generalized fears of harm. While Plaintiff may have felt genuinely threatened, he has not alleged facts indicating that Defendant Munoz subjected him to a specific harm. Plaintiff alleges conclusory statements that he felt threatened, that he was assaulted by an inmate, and that officers should know that when officers provoke or incite violence, inmates can be targeted, especially if there is a reward, but he draws no factual connections between these generalized fears and speculation. Plaintiff has failed to state a claim for a violation of the Eighth Amendment.

**B.  Retaliation**

In the order dismissing the original complaint, Plaintiff was advised that allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Cartier, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's allegations in his second amended complaint, as with his first amended complaint and original complaint, are vague and conclusory. Plaintiff set forth a generalized allegation that he was subjected to excessive force and retaliated against. Plaintiff was specifically advised that in order to state a claim under section 1983, he must link each defendant with conduct that deprived Plaintiff of a

protected interest. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)(quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

Here, Plaintiff contends that Defendant Munoz "targeted" Plaintiff in retaliation for filing an inmate grievance, but this bare assertion, supported by no factual allegations, does not state a claim for relief. Plaintiff must allege facts indicating that the named individual took adverse action against Plaintiff in retaliation for engaging in First Amendment activity. The conduct must chill the exercise of Plaintiff's First Amendment rights. As with Plaintiff's Eighth Amendment claim, the conclusory statement that Plaintiff was "targeted" does not state a claim.

Plaintiff was previously directed to explain, in his own words, the facts of what happened. Plaintiff was specifically instructed to explain what each Defendant, by name, did to violate his rights. However, he has repeatedly failed to correct these deficiencies. Therefore, further leave to amend is not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

## V.

## CONCLUSION AND RECOMMENDATION

The Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, for the reasons explained above, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim for which relief may be granted.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the

Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 6, 2018**

UNITED STATES MAGISTRATE JUDGE