# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>C/O MUNOZ, et al.,<br><br>Defendants. | Case No.: 1:14-cv-01215-SAB (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 34)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT |

## I.

## BACKGROUND

Plaintiff Guillermo Trujillo Cruz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on August 4, 2014, by filing the initial complaint, (ECF No. 1), which was found not to state any cognizable claim for relief, (ECF No. 10). Following two failed attempts to amend his claim to cure the deficiencies in his pleading, (ECF No. 11, 20), this action was dismissed for Plaintiff's failure to state a claim upon which relief may be granted, (ECF No. 21). Judgment was entered the same day. (ECF No. 22.) Plaintiff appealed. (ECF No. 23.)

On February 27, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 30.) Specifically, the Ninth Circuit found that because all the parties, including unserved defendants, had not consented to proceed before a United States Magistrate Judge, the dismissal order was vacated and the case was remanded for further proceedings pursuant to Williams v.

1 | King, 875 F.3d 500, 503-04 (9th Cir. 2017). (Id.) The Ninth Circuit's mandate was issued on August 3, 2018, ordering that the February 27, 2018 judgment takes effect as of that date. (ECF No. 33.)

On August 7, 2018, the Court re-screened Plaintiff's second amended complaint, and issued findings and recommendations to a District Judge that this matter be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. (ECF No. 34.) Those findings and recommendations were served on Plaintiff, with notice that objections must be filed within thirty (30) days. (Id. at 6-7.) Plaintiff filed a motion for an extension of time to file objections, (ECF No. 36), which was granted in part, (ECF No. 37).

Currently before the Court are Plaintiff's timely objections to the findings and recommendations, filed on extension. (ECF No. 38.)

## II.

## OBJECTIONS

In Plaintiff's objections, he asserts that he can state sufficient facts to state a cognizable claim in this case. In support, he sets forth allegations that on September 9, 2013, he was returning to his housing unit from a ducket pass, and Defendant Control Booth Officer Munoz looked out the window and said to him, "I'm gonna get you stabb[ed] and off the yard." (ECF No. 38, at 2.) Plaintiff later submitted a grievance explaining this threat of violence, and was eventually called to a hearing. On his way to the hearing, Plaintiff was again threatened by Defendant Munoz with physical injuries for reporting Defendant Munoz's misconduct.

At the program office, Plaintiff informed Defendant Lieutenant Alvarez about the threats by Defendant Munoz. Defendant Alvarez became upset, swore at Plaintiff, and told Plaintiff that he needed to stop making false allegations. Plaintiff was then escorted for a strip search. In the holding cell where the strip search was conducted, Defendant Alvarez stated to his coworker, Officer John Doe, that he observed Plaintiff throw something behind his cell. This was a lie, and the search was done as retaliation for Plaintiff's reporting of officer misconduct. Defendant Alvarez then ordered Officer John Doe to search behind the holding cell, where Officer John Doe discovered narcotics wrapped in plastic. Plaintiff was pinned with distribution of narcotics and possession of heroin.

///

2

Plaintiff asked to speak with the warden and captain before being charged, and Defendant Alvarez and John Doe left. After thirty minutes, Defendant Alvarez returned with a nurse to do a medical evaluation before housing Plaintiff in ASU pending disciplinary charges. Later, Defendant Alvarez told Plaintiff that the warden and captain were not available, and that due to the lack of available space in ASU, Plaintiff was instead to be housed in an orientation unit. Plaintiff was escorted to that temporary housing later that afternoon by Defendant Alvarez.

The following day, at about 10:00 AM, Officer John Doe told Plaintiff to get dressed because Defendant Alvarez was waiting for him at the program office. Plaintiff was given his personal property and told that he was being moved from the lower yard to the upper yard, in building five. From August to November 1, 2013, Defendants Alvarez and Munoz ordered an assault on Plaintiff.

On November 1, 2013, prison officials and Defendants had Plaintiff assaulted with a deadly weapon in retaliation for using the prison grievance system. Plaintiff was set up while he was housed on Facility C Upper Yard, Building Five, in cell #123. Officer John Doe conspired in the assault by opening the electronic cell door for the assault.

## III.

## DISCUSSION

Previously, Plaintiff was specifically instructed to explain what each Defendant, by name, did to violate his rights, by stating facts regarding the who, when, what, and where of what happened. However, he repeatedly failed to correct those deficiencies, and only made generalized, conclusory allegations. Therefore, the Court found that further leave to amend was not warranted. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

In his objections, Plaintiff describes factual allegations which show that he may be able to state a cognizable claim under Section 1983 against one or more defendants in this action. Considering the foregoing and Plaintiff's pro se status, the Court finds that he should be afforded one final opportunity to attempt to state a claim upon which relief may be granted.

///

## IV.

## CONCLUSION

For the reasons discussed, Plaintiff shall be granted leave to file a third amended complaint to attempt to state a cognizable claim in this action. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his third amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint; and

///

///

///

4

3. <u>If Plaintiff fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed, with prejudice</u>.

IT IS SO ORDERED.

Dated:   **September 5, 2018**

_____
UNITED STATES MAGISTRATE JUDGE