**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ, | Case No.: 1:14-cv-01215-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO PUT HOLD ON CASE<br>(ECF No. 43) |
| v. | |
| C/O MUNOZ, et al., | FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br>(ECF No. 42) |
| Defendants. | |
| | **SIXTY (60) DAY DEADLINE** |

**I.**

**BACKGROUND**

Plaintiff Guillermo Trujillo Cruz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on August 4, 2014, by filing the initial complaint, (ECF No. 1), which was found not to state any cognizable claim for relief, (ECF No. 10). Following two failed attempts to amend his claim to cure the deficiencies in his pleading, (ECF No. 11, 20), this action was dismissed for Plaintiff's failure to state a claim upon which relief may be granted, (ECF No. 21). Judgment was entered the same day. (ECF No. 22.) Plaintiff appealed. (ECF No. 23.)

On February 27, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (ECF No. 30.) Specifically, the Ninth Circuit found that all the parties, including unserved defendants, had not consented to proceed before a United States Magistrate Judge, and therefore the dismissal order was vacated and the case was remanded for further proceedings pursuant to Williams v.

1

King, 875 F.3d 500, 503-04 (9th Cir. 2017). (Id.) The Ninth Circuit's mandate was issued on August 3, 2018, ordering that the February 27, 2018 judgment takes effect as of that date. (ECF No. 33.)

On August 7, 2018, the Court re-screened Plaintiff's second amended complaint, and issued findings and recommendations to a District Judge that this matter be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted. (ECF No. 34.) On September 4, 2018, Plaintiff filed objections, on extension. (ECF No. 38.)

On September 5, 2018, the Court reviewed Plaintiff's objections, in which he asserted that he could plead a cognizable claim for relief, and explained specific factual allegations he would make in support. Considering the foregoing and Plaintiff's pro se status, the Court found that Plaintiff should be afforded one final opportunity to attempt to state a claim upon which relief may be granted. The Court then vacated the August 7, 2018 findings and recommendations, and allowed Plaintiff thirty (30) days to file a third amended complaint. (ECF No. 39.)

On September 17, 2018, Plaintiff sought an extension of time to file his third amended complaint, as well as a stay of this matter. (ECF No. 40.) On September 18, 2018, the Court declined to issue the stay, but granted Plaintiff a sixty (60) day extension of time due to extenuating circumstances. (Doc. No. 41.)

Currently before the Court are Plaintiff's motion to put a hold on the case, (ECF No. 43), and his third amended complaint, (ECF No. 42).

## II.

## MOTION FOR HOLD ON CASE

The Court first addresses Plaintiff's motion for a hold on the case. Plaintiff asserts a lack of access to his legal paperwork based on transfers for legal proceedings, including a trial at the end of this month. Therefore, Plaintiff asserts that a stay of proceedings is necessary until he further informs the Court.

Plaintiff has shown good cause for a reasonable deadline extension in this matter, but the Court does not find it suitable to indefinitely stay the case proceedings. Plaintiff has filed a third amended complaint that shall be screened below, and the Court will grant Plaintiff ample time to file any objections to its screening. If needed, an additional extension may be requested, with good cause shown.

## III.

## THIRD AMENDED COMPLAINT

### A.    Screening Requirements

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B.    Summary of Allegations

Plaintiff alleges that on September 9, 2013, he was returning to his housing unit from a ducket pass.  Defendant Control Booth Officer Munoz looked out the window and said to Plaintiff, "I'm gonna get you stab[bed] and off the yard."  (Third Am. Compl., ECF No. 42, at 3.)  Later that day, Plaintiff filed a grievance complaining about this threat.

///

Later that week, Plaintiff was called to program C-yard for a 602 hearing.  On his way to the hearing, Defendant Munoz threatened Plaintiff with physical injuries for reporting Defendant Munoz's threats.

At the program office, Defendant Lieutenant Alvarez talked about the threats made by Defendant Munoz.  Defendant Alvarez became upset, swore at Plaintiff, and told Plaintiff that he needed to stop making false allegations about the lieutenant's coworkers.  Plaintiff was then escorted for a strip search.

In the holding cell where the strip search was conducted, Defendant Alvarez stated to his coworker, Officer John Doe, that he observed Plaintiff throw something behind the holding cell.  This was a lie by Defendant Alvarez, and the search was done as retaliation because Plaintiff reported Defendant Munoz's threats.  Defendant Alvarez then ordered Officer John Doe to search behind the holding cell, where Officer John Doe discovered narcotics wrapped in plastic.  Plaintiff was falsely pinned with distribution of narcotics and possession of heroin.

Plaintiff then requested to speak with the warden or the captain of the facility before being charged for distribution.  Defendant Alvarez and John Doe left.  After thirty minutes, Defendant Alvarez returned with Nurse Rodriguez to do a medical evaluation before Plaintiff was released off C-yard and rehoused in ASU pending disciplinary charges.  Later that same day, Defendant Alvarez told Plaintiff that the warden and captain were not available or on institution grounds, and that due to the lack of available bed space in ASU, Plaintiff was instead going to be re-housed in Orientation Building 3.  Plaintiff was escorted to that temporary housing later that afternoon by Defendant Alvarez.

The following day, at about 10:00 AM, Officer John Doe opened Plaintiff's cell door and told him to get dressed because Defendant Alvarez was waiting for him in his office.  Plaintiff was given his personal property and told that he was being moved from the lower yard Building 2, to the upper yard Building Five.  From September 9, 2013 to November 1, 2013, Defendants Alvarez and Munoz were ordering an assault on Plaintiff.

On November 1, 2013, prison officials and Defendants had Plaintiff assaulted with a deadly weapon in retaliation for using the prison grievance system, to try and solve the problem before it escalated.  The assault occurred on Facility-C Upper Yard, Building Five, in cell #123.  Control Booth Officer John Doe conspired in the assault by opening the electronic cell door for the assault.

### C. Discussion

#### 1. Eighth Amendment

Plaintiff first alleges that he was subjected to cruel and unusual punishment. The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer, 511 U.S. at 834. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832-33 (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Liberally construed, Plaintiff has stated a claim under the Eighth Amendment against Defendant Munoz for threatening him with a stabbing and physical violence, and for ordering an inmate assault on him. Plaintiff has also stated a claim against Defendant Alvarez for ordering an inmate assault on him.

Plaintiff's allegations against Control Booth Officer John Doe are insufficient to state a cognizable claim. Plaintiff makes a conclusory statement that this officer conspired in the inmate assault by opening the electronic cell door. Plaintiff does not allege facts from which the Court can infer that this officer was aware that an assault was going to take place, and acted to aid that assault.

### 2. Retaliation

Plaintiff also asserts that certain actions were taken against him in retaliation for reporting officer misconduct or threats. "Prisoners [and pretrial detainees] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Liberally construed, Plaintiff states a claim against Defendant Munoz for threatening him with physical injuries for filing a grievance reporting earlier threats against Plaintiff, and for eventually having him assaulted by inmates for using the grievance system. Plaintiff has also stated a claim against Defendant Alvarez, for having him strip searched and falsely planting drugs on Plaintiff so that he would be charged with drug distribution and possession, and for having him assaulted by inmates, in retaliation for Plaintiff filing a grievance about Defendant Munoz.

For the same reasons discussed above, the Court finds no claim stated against Control Booth Officer John Doe based on allegedly conspiring in the inmate assault. That is, although Plaintiff makes conclusory allegations, he does not state any facts from which the Court can infer that this officer knew about Plaintiff's grievance or complaint, knew that Plaintiff would be assaulted by inmates, and acted to aid that assault for any retaliatory intent.

Plaintiff has also not stated any claim against Officer John Doe for his involvement in the strip search and for locating the drugs outside of Plaintiff's holding cell. Plaintiff does not state any facts from which the Court can infer that this officer knew that the search and drug-planting was done by Officer Alvarez in retaliation for Plaintiff's grievance, or that the officer aided in the conduct for any retaliatory intent.

### 3. Polygraph Examination

In Plaintiff's prayer for relief, he states that he seeks damages, a "polygraph examination," and any other relief that the Court deems proper and just. Plaintiff does not indicate who he seeks to have examined by polygraph, and therefore the Court is somewhat unclear as to the nature of his request. To the extent that Plaintiff seeks to be tested by polygraph examination to show the truth of his assertions, as noted above, his factual allegations are presumed to be true at this stage. Therefore, his request is denied, as unnecessary. See Hammler v. Davis, No. 2:14-CV-2073 AC P, 2014 WL 6685211, at *9 (E.D. Cal. Nov. 25, 2014) (citing Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976)).

### IV.

### CONCLUSION

As described above, Plaintiff has stated a claim under the Eighth Amendment for cruel and unusual punishment, and under the First Amendment for retaliation, against Defendant Munoz and Defendant Alvarez. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his prior pleadings, but his third amended complaint is largely identical to the allegations he most recently put forth in his September 4, 2018 objections. Accordingly, the Court finds that further amendment would be futile, as it appears that Plaintiff has stated all the factual allegations that he can plead in good faith. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Therefore, it is HEREBY ORDERED that Plaintiff's motion to put a hold on this case, filed on September 21, 2018 (ECF No. 42), is denied.

///

///

Further, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's third amended complaint against Defendant Munoz and Defendant Alvarez for cruel and unusual punishment in violation of the Eighth Amendment, and for retaliation in violation of the First Amendment; and

2.     All other claims and Defendants be dismissed for the failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **sixty (60) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 25, 2018**

UNITED STATES MAGISTRATE JUDGE