**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>C/O MUNOZ, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01215-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE COMPLAINT AND GRANTING DEFENDANTS' ADDITIONAL TIME TO FILE A RESPONSIVE PLEADING<br><br>[ECF No. 53] |

Plaintiff Guillermo Trujillo Cruz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to supplement the complaint, filed February 4, 2019. Because the Court finds the interest of justice warrant granting Plaintiff's request, the Court will not await the time for the filing of a response.

Previously, this action was dismissed for the failure to state a cognizable claim, on May 17, 2016. (Doc. No. 21.) On February 27, 2018, the Ninth Circuit Court of Appeals vacated and remanded the action to this Court. (Doc. No. 30.) Specifically, the Ninth Circuit found that all the parties, including unserved defendants, had not consented to proceed before a United States Magistrate Judge, and therefore the dismissal order was vacated and the case was remanded for further proceedings pursuant to Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017). (*Id.*) The Ninth Circuit's mandate was issued on August 3, 2018. (Doc. No. 33.)

Following an additional amendment of Plaintiff's complaint, on September 25, 2018, the assigned Magistrate Judge issued findings and recommendations recommending that this action proceed on Plaintiff's third amended complaint against Defendants Munoz and Alvarez for cruel and unusual punishment in violation of the Eighth Amendment and retaliation in violation of the First Amendment,

and that all other claims and defendants be dismissed. (Doc. No. 44.) Plaintiff was notified and given sixty (60) days to file his objections to those findings and recommendations. (Id. at 8.)

On October 11, 2018, Plaintiff timely filed objections. (Doc. No. 45.) Plaintiff objected, in part, to the dismissal of his claim against Officer John Doe, asserting that he can state sufficient facts to state a claim. However, the District Judge adopted the Findings and Recommendations in full on November 6, 2018. (Doc. No. 46.) The Court noted that Plaintiff had been provided the legal standards and been given multiple opportunities to state such a claim. (Id.) In addition, the Court noted that Plaintiff's objections were conclusory, and did not show that he can sufficiently state such a claim. (Id.) Therefore, the Court found it was appropriate to dismiss that unnamed defendant. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) (denying leave to amend when additional amendment would be futile); Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Plaintiff now seeks to supplement the complaint with sufficient factual allegations to state a cognizable claim for retaliation and cruel and unusual punishment against Officer John Doe. Plaintiff submits the following allegations:

> [C]ontrol booth officer (John Doe) … did have actual knowledge that the assault with deadline weapon was gonna take place because two weeks before the actual date of the incident occurred November 01, 2013, Officer (John Doe) did make verbal threats towards me by stating to plaintiff, that I needed to stop filing 602 grievances that are absurd which consist with lies about his co-workers Munoz[] and Alvarez or need to be careful because whenever I Plaintiff, less [sic] expected I will get physically injured and off the yard, and started laughing about his statements towards me. On November 01, 2013, I Plaintiff, was 'maliciously' and 'sadistically' targeted of an assault with deadly weapon. Control Booth Officer (John Doe) conspired with Defendants, Munoz and Lt. Alvarez to aid the assault by electronically opening cell door #123 to get the assault done with no justification whatsoever of why was he electronically opening door cell #123. The assault was done in retaliation, to get back, vendetta, revenge, and with evil intentions to prevent me from exercising my rights through the grievance procedure. Behind this incident I, Plaintiff, Guillermo Trujillo Cruz, received multiple stab[] wounds to the back area and embrassion [sic] to the back of the head. Til this day I Plaintiff, bear the scars caused behind Defendants, unlawful actions.

///

///

///

(Mot. at 1-2, ECF No. 53.) Plaintiff's allegations in his motion to supplement set forth a sufficient factual basis to state a cognizable claim for retaliation and cruel and unusual punishment against Defendant Officer John Doe.[1]

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or even that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Ariz. v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. Cty. Sch. Bd. of Prince Edwards Cty., 377 U.S. 218, 226-27 (1964).

Generally, district courts use the same standard in deciding whether to grant or deny a motion for leave to supplement or whether to grant or deny a motion for leave to amend a complaint or answer. See MJC Amer., Ltd v. Gree Elec. Appliances, Inc. of Zhuhai, CV 13-04264 SJO (CW), 2014 WL 12614435, at *3 (C.D. Cal. Sept. 3, 2014) (citing Womack v. Geo Grp., Inc., CV-12-1524-PHX-SRB (LOA), 2013 WL 491979, at *5 (D. Ariz. Feb. 8, 20130)). "Thus, leave to file a supplemental complaint should be freely granted unless there is undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or the supplement would be futile." Womack, 2013 WL 491979, at *5 (citations omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint. Desertrain

---

[1] The Court cannot order service of a Doe defendant because the United States Marshal cannot serve a Doe Defendant. Therefore, before the Court orders the United States Marshal to serve a Doe defendant, Plaintiff will be required to identify him or her with enough information to locate the defendant for service of process. The United States Marshal cannot initiate service of process on unknown defendants. Plaintiff will be given an opportunity through discovery to identify the unknown (Doe) defendants. Crowley v. Bannister, 734 F.3d 967, 978 (9th Cir. 2013) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Once the identity of a Doe defendant is ascertained, the Plaintiff must file a motion to amend his complaint only to identify the identified Doe defendant so that service by the United States Marshal can be attempted. Therefore, the court will send plaintiff the appropriate service documents at such time that plaintiff ascertains the identities of the Doe defendants. However, if Plaintiff fails to identify any Doe defendant during the course of the discovery, any Doe Defendant will be dismissed from this action.

1  v. City of L.A., 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)).

The Court finds any prejudice to Defendants to be minimal as they have not yet filed a responsive pleading and no discovery has yet taken place, there is an insufficient basis to find undue delay or bad faith on the part of Plaintiff given that he is proceeding pro se, and the claims presented in the supplement are not futile. Accordingly, the Court will allow Plaintiff to supplement the third amended complaint. Although the Court typically would require Plaintiff to file an amended complaint which is complete within itself (Local Rule 220), in the interest of time rather than having Plaintiff file a fourth amended complaint, the Court will allow the operative complaint to consist of both the third amended complaint (Doc. No. 42) and the supplement (Doc. No. 53), and Defendants will be directed to file a responsive pleading thereto.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to supplement the complaint is GRANTED as a motion to amend the complaint;
2. The operative complaint in this action shall consist of the third amended complaint (Doc. No. 42) and Plaintiff's motion to supplement (Doc. No. 53); and
3. Defendants are granted thirty (30) days from the date of service of this order to file a responsive pleading.

IT IS SO ORDERED.

Dated:   **February 5, 2019**

UNITED STATES MAGISTRATE JUDGE